IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LUCAS LINDEN NUNNELEE                                                                        PLAINTIFF

v.                                        Civil No. 6:22-CV-06008-RTD-BAB

DR. DARRELL ELKIN                                                                           DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's third failure to obey a Court Order and failure to prosecute this case.

**I.  BACKGROUND**

Plaintiff filed his Complaint on January 14, 2022. (ECF No. 1). That same day, the Court entered an Order granting Plaintiff *in forma pauperis* ("IFP") status. (ECF No. 4). In that Order, Plaintiff was advised that he must inform the Court of any change in address within thirty (30) days of that change, or his case would be subject to dismissal. (*Id.*). The Court entered a second Order on January 14, 2022, directing Plaintiff to file an Amended Complaint by February 4, 2022. (ECF No. 6).

On February 7, 2022, Plaintiff filed a Notice of Address Change, informing the Court that he had been transferred to the Arkansas Division of Correction Ouachita River Unit. (ECF No. 7). Due to the timing of this transfer, the Court entered a second Order directing Plaintiff to file an Amended Complaint, this time by March 1, 2022. (ECF No. 8). On March 10, 2022, ten days

1

after the Amended Complaint was due, Plaintiff filed a Motion for Extension of time to file his Amended Complaint. (ECF No. 9). This Motion was granted, and Plaintiff was given until April 1, 2022, to file his Amended Complaint. (ECF No. 10). Both Orders advised Plaintiff that failure to submit the Amended Complaint by the deadline would result in the dismissal of his case. (ECF Nos. 8, 10). Neither Order was returned to the Court as undeliverable. Plaintiff failed to submit an Amended Complaint.

Based on these facts, the undersigned entered a Report and Recommendation ("R&R") on April 21, 2022, recommending that Plaintiff's case be dismissed without prejudice for his failure to comply with two Court Orders and failure to prosecute this case. (ECF No. 11). Plaintiff filed an Objection to the R&R on May 13, 2022, stating that he had misplaced his Complaint form. (ECF No. 12). On May 23, 2022, Judge Dawson entered an Order permitting Plaintiff another opportunity to submit his Amended Complaint. (ECF No. 13). In the Order, Plaintiff was advised that failure to submit his Amended Complaint by the deadline would result in the dismissal of his case. (*Id*.). Plaintiff submitted his Amended Complaint on June 13, 2022. (ECF No. 14). Due to deficiencies in the Amended Complaint, the undersigned entered an Order on June 14, 2022, advising Plaintiff of the deficiencies and directing him to file a Second Amended Complaint by July 5, 2022. (ECF No. 15). Plaintiff was again advised that failure to submit his Amended Complaint by the deadline would result in the dismissal of his case. (*Id*.). This Order was not returned as undeliverable. To date, Plaintiff has failed to file his Amended Complaint, and has not otherwise communicated with the Court.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with a third Court Order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of August 2022**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE